Board of Mgrs. of the Kings Oak Terrace Coop. Apts., Inc. v Khovan (2024 NY Slip Op 05088)

Board of Mgrs. of the Kings Oak Terrace Coop. Apts., Inc. v Khovan

2024 NY Slip Op 05088

Decided on October 16, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-06171
 (Index No. 532479/22)

[*1]Board of Managers of the Kings Oak Terrace Cooperative Apartments, Inc., respondent,
v
Ihor Khovan, et al., appellants.

Law Office of Gerald Pigott, P.C., Bethpage, NY, for appellants.
Law Offices of Jaime Lathrop, P.C., Brooklyn, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to enforce fines assessed against the defendants for violations of a cooperative apartment corporation's bylaws and occupancy agreement, the defendants appeal from a judgment of the Supreme Court, Kings County (Robin K. Sheares, J.), entered April 20, 2023. The judgment, upon an order of the same court dated April 18, 2023, granting the plaintiff's motion for summary judgment on the complaint, is in favor of the plaintiff and against the defendants in the principal sum of $30,000. The notice of appeal from the order is deemed to be a notice of appeal from the judgment (see CPLR 5512[a]).
ORDERED that the judgment is affirmed, with costs.
The defendants, Ihor Khovan and Olena Khovan, were residents and shareholders in Kings Oak Terrace Cooperative Apartments, Inc. (hereinafter Kings Oak), a cooperative apartment corporation governed by the plaintiff (hereinafter the Board). Each defendant held shares allocated to a separate apartment unit. In May 2022, Ihor Khovan removed walls, floors, and plumbing fixtures from Olena Khovan's apartment without permission from the Board as required by Kings Oak's bylaws and occupancy agreement. The Board notified the defendants that they would each be fined in the amount of $25,000 for violating the bylaws and occupancy agreement. After a hearing by a grievance committee convened by the Board, at which Ihor Kohovan appeared, the fines were reduced to the amount of $15,000 per defendant, and the assessment of the fines in the reduced amount was thereafter unanimously approved by the Board. In agreements dated July 1, 2022, the defendants agreed to pay the fines pursuant to a payment plan. The defendants thereafter refused to pay the fines.
In November 2022, the Board commenced this action, inter alia, to enforce the fines. The Board subsequently moved for summary judgment on the complaint, contending that Ihor Khovan admitted to performing the work in Olena Khovan's apartment without approval from the Board. By order dated April 18, 2023, the Supreme Court granted the Board's motion, and a judgment was entered in favor of the plaintiff and against the defendants in the principal sum of $30,000. The defendants appeal.
The Supreme Court correctly determined that the Board properly assessed fines [*2]against the defendants. "In the context of cooperative dwellings, the business judgment rule provides that a court should defer to a cooperative board's determination [s]o long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith" (Perrault v Village Dunes Apt. Corp., 164 AD3d 847, 848 [internal quotation marks omitted]; see 40 W. 67th St. v Pullman, 100 NY2d 147, 153; Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538). "'Absent a showing of fraud, self-dealing or unconscionability, the court's inquiry is so limited and it will not inquire as to the wisdom or soundness of the business decision'" (Board of Mgrs. of Fishkill Woods Condominimum v Gottlieb, 184 AD3d 785, 789, quoting Schoninger v Yardarm Beach Homeowners' Assn., 134 AD2d 1, 9).
Here, the Board established, prima facie, that the defendants made structural alterations to Olena Khovan's apartment without prior written approval in violation of Kings Oak's bylaws and occupancy agreement, that pursuant to the bylaws, the Board has the authority to assess fines relating to violations of the bylaws and occupancy agreement, that the Board complied with the procedure for assessing fines directed by the bylaws, and that the Board acted in good faith and in the best interest of the cooperative when it did so. In response, the defendants failed to raise a triable issue of fact.
The defendants' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court